IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KIM JEROME CARTER, § | |
| § | |
| VS. § | CIVIL ACTION NO.4:11-CV-682-Y |
| § | |
| § | |
| THOMAS WILDER, et al. § | |

OPINION and ORDER OF DISMISSAL
UNDER 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se plaintiff Kim Jerome Carter's case under the screening provisions of 28 U.S.C. § 1915(e)(2)(B).[1] Carter, formerly an inmate in the Texas Department of Criminal Justice ("TDCJ"),[2] filed a civil-rights complaint with attachment pages seeking relief under 42 U.S.C. §§ 1983, 1985, and 1986, and seeking declaratory relief under 28 U.S.C. §§ 2201 and 2202. (Compl. at 1.) He names as defendants Thomas A. Wilder, district clerk; Dee Anderson, sheriff; Rick Thaler, director, TDCJ; and Vanessa Jones, chairman, Classification and Records, TDCJ. (Compl. Style; at 2.) Carter contends that he was sentenced on April 5, 1991 to a twenty-year sentence and, although TDCJ originally showed his maximum sentence discharge date as December 21, 2010, the records were later changed to show the maximum discharge date of April 5, 2011. (Compl. at 1.) Carter contends that the later date

---

[1] Although plaintiff Carter's suit arises from issue related to credit towards his sentence in the Texas Department of Criminal Justice, when Carter filed suit he was no longer incarcerated. Thus, the separate screening provision applicable to suits filed by "prisoners," 28 U.S.C. § 1915A, does not apply.

[2] Staff telephone inquiry with the TDCJ Records department confirms that Carter, TDCJ No. 00606546, was released and his sentence fully discharged on April 5, 2011.

was in error, and resulted from a failure to give him credit towards his sentence for back jail time he served in Lubbock County in 1990. (Compl. at 1.) Carter alleges that the error resulted in hiS being released from TDCJ five months later, and that this amounted to

> such violations of the "excessive imposed cruel and unusual punishments inflicted, as such deprivation of due process laws and constitutional laws of the Eighth, Amendment violation guideline sentencing entrapment violation of the due process, equal protection enforcement equal privileges and equal protect law nor shall any state deprive any person of life, liberty, or without due process of law, nor deny any person without equal protection of the laws [sic]. (Compl. at 1.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[3] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[4] A district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6]

---

[3] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[4] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[5] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

2

The Court concludes that Carter's claims are not cognizable. In *Heck v. Humphrey*,[7] the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[8] Because Carter's claims challenge his sentence of imprisonment, and BECAUSE he has not shown that the sentence has been reversed or set aside in any of the manners listed, under *Heck v. Humphrey* any claims for damages under 42 U.S.C. § 1983 are not cognizable.[9] Although *the Heck* opinion involved a bar to claims for monetary damages, a dismissal of a claim for injunctive and/or declaratory relief may also be made pursuant to *Heck*.[10]

---

[7] 512 U.S. 477, 486-87 (1994).

[8] *Heck,* 512 U.S. at 486-87; *see also Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995).

[9] *See Hassler v. Carson County*, 111 Fed. Appx. 728, 729 (5th Cir. Oct. 6, 2004)(affirming district court's determination that released TDCJ inmate's claims regarding the failure to credit him with jail time served in Carson County were barred by *Heck*)(citing *Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000), *cert. den'd,* 532 U.S. 971 (2001)).

[10] *See Reger v. Walker,* 312 Fed. Appx. 624, 625 (5th Cir. 2009)(noting that claims, "whether for damages, declaratory judgment, or injunctive relief" are not cognizable in a § 1983 action), *cert. dismissed,* 130 S. Ct. 226 (2009); *see also Clarke v. Stadler,* 154 F.3d 186, 190-91 (5th Cir. 1998)(en banc)(holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey*), *cert. den'd,* 525 U.S. 1151 (1999).

The Court observes that Carter has discharged his sentence. Even though Carter is no longer incarcerated on the sentence arising from the conviction for attempt to commit murder, "the Fifth Circuit has held that the *Heck* bar is still applicable in cases where a litigant has discharged his sentence and habeas relief is no longer available".[11] In such cases an inmate must still show that his conviction or sentence has been invalidated, as explained in *Hassler v. Carson County:*

> Hassler contends that the district court's application of the *Heck* bar was improper because the 28 U.S.C. § 2254 remedy was unavailable to him, both because he has completed his prison sentence and because the limitations imposed by the Antiterrorism and Death Penalty Act ("AEDPA") prevent him from seeking habeas relief. . . . The *Heck* bar applies, even to former prisoners for whom the 28 U.S.C. § 2254 remedy is no longer available, if the plaintiff has failed to establish that other "procedural vehicle[s]" are lacking. *See Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000). Hassler has not made such a showing. Because Hassler's sentence has not been overturned or otherwise invalidated, his claims were barred by *Heck.*[12]

Under this controlling authority, even though Carter has discharged his sentence and relief under § 2254 may ultimately not be available to him, as his sentence Has not been otherwise invalidated,[13] his claims--whether they be for monetary damages,

---

[11]*McWilliams v. Texas,* No.5:09-CV-115, 2009 WL 4730447, at *1 (E.D. Tex. Dec. 7, 2009)(citing *Hassler,* 111 Fed. Appx. at 729).

[12]*Hassler,* 111 Fed. Appx. at 729-30

[13]*See generally Randell,* 227 F.3d at 301 (rejecting a former inmate's claims that since he could no longer seek habeas relief he did not have to show a favorable termination of his underlying conviction, because "the [Supreme] Court unequivocally held that unless an authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's conviction, his claim 'is not cognizable under [section] 1983'")(citing *Heck,* 512 U.S. at 487.)

4

injunctive relief, or for declaratory judgment--are not cognizable under *Heck v. Humphrey*, and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[14]  Therefore, under the authority of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), all of Plaintiff's claims under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met.[15]

SIGNED April 12, 2012.

                                        TERRY R. MEANS
                                        UNITED STATES DISTRICT JUDGE

---

[14] *See Heck*, 512 U.S. at 487-88.

[15] *See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).